**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0215-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

TYRICE O. BERRY,

    Defendant-Appellant.

_____

Submitted December 10, 2024 – Decided January 7, 2025

Before Judges Chase and Vanek.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Indictment No. 14-06-1040.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

Raymond S. Santiago, Monmouth County Prosecutor, attorney for respondent (Alecia N. Woodward, Assistant Prosecutor, of counsel and on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Tyrice O. Berry appeals from a Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. Based on our thorough review of the record and application of prevailing law, we affirm.

I.

A.

We incorporate by reference, the facts and procedural history stated in our prior opinion. See State v. Berry, No. A-3819-17 (App. Div. Apr. 19, 2022) (Berry I), certif. denied, 252 N.J. 143 (2022). We provide only the salient facts from the record to give context to this particular appeal.

During the sixteen-day jury trial, the State proffered testimony from twenty-one witnesses, including the two victims, Rashawn Brown and Chauncey Toran. Berry I, slip op. at 5. In Berry I, we recounted the facts:

> [A]t approximately 1:15 a.m. on October 19, 2012, Asbury Park Police Officer Steven Love was involved in an unrelated investigation when he "heard . . . about ten gunshots in the area." Love immediately drove towards the location of the shots and observed a vehicle outside the Cameo Bar on Main Street with "both [front] doors . . . open," "the back window . . . shattered," and "bullet holes all through the car." On the sidewalk, Love saw two men "hunched over," both of whom had been shot. The injured men were later

identified as Rashawn Brown and Chauncey Toran. Neither could identify the shooters . . . .

[Berry I, slip op. at 5-6.]

On direct examination, Brown testified that when the officers presented him with photographs of the alleged shooters and asked Brown if he recognized them, Brown responded that he told the officers, "[n]o. Never—I never even seen these kids."

Naquan Sims, a childhood friend of defendant, testified he was in a friend's apartment when defendant came "bust[ing] through the door" stating "somebody owed him money," "he got what he got," and "so he got shot." Sims did not believe that defendant shot someone until he saw a news report and recognized defendant as the shooter because he was wearing "a Halloween mask with [an Afro]" similar to the one Sims had seen defendant wearing about a "[w]eek prior." On cross examination, Sims could not recall the names of the other individuals present in the apartment when defendant allegedly confessed to the shooting.

The jury found defendant guilty on multiple charges, including first-degree attempted murder and aggravated assault. Defendant appealed, arguing the trial judge erred in denying his motion for judgment of acquittal.

3

We affirmed, concluding the State's evidence was sufficient to withstand the acquittal motion, and there was no error in determining the jury could find defendant guilty beyond a reasonable doubt when collectively considering the testimony proffered by the DNA expert and Sims. See Berry I, slip op. at 21-22. We concluded "the State presented expert testimony tying defendant's DNA to the beard and the walking stick the shooter was seen wearing and carrying, respectively, in the surveillance videos." Id. at 21. We rejected defendant's argument that his convictions were not supported by the trial record because Sims was not a credible witness, reasoning that credibility issues were for the jury to decide. Id. at 21-22.

B.

Defendant subsequently filed a PCR petition under Rule 3:22 arguing ineffective assistance of trial counsel, which was denied in a written decision. The PCR court cited to Berry I and explained the motion for acquittal on the issue of credibility of a witness should not be relitigated pursuant to Rule 3:22-5. The PCR court found no disputed issues of material fact requiring an evidentiary hearing under the Strickland/Fritz[1] standard.

---

[1] See Strickland v. Washington, 466 U.S. 668 (1984); State v. Fritz, 105 N.J. 42 (1987).

A-0215-23

The PCR court also explained "PCR counsel fails to acknowledge trial counsel's strategic decision to not explicitly ask the victims if they knew defendant." Citing to <u>State v. Cummings</u>, 321 N.J. Super. 154 (App. Div. 1999), the PCR court found defendant did not provide the court with the necessary affidavits or certifications to support his argument that counsel was ineffective in failing to investigate witnesses.[2]

This appeal followed.

## II.

Defendant raises the following arguments for our consideration:

> POINT I
>
> WHETHER THE PCR COURT WAS CORRECT IN USING THE <u>STRICKLAND</u>/<u>FRITZ</u> STANDARD FOR INEFFECTIVE ASSISTANCE OF COUNSEL RATHER THAN THE <u>CRONIC</u>/<u>SAVAGE</u>[3] STANDARD FOR A PER SE INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM.
>
> POINT II

---

[2] The PCR court made other findings not relevant to the arguments asserted on appeal.

[3] <u>See</u> <u>United States v. Cronic</u>, 466 U.S. 648 (1984); <u>State v. Savage</u>, 120 N.J. 594 (1990).

WHETHER DEFENDANT ESTABLISHED A PRIMA FACIE CASE FOR INEFFECTIVE ASSISTANCE OF COUNSEL BECAUSE OF TRIAL COUNSEL'S PURPORTED FAILURE TO CONDUCT AN ADEQUATE PRETRIAL INVESTIGATION.

POINT III

[WHETHER] THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF TRIAL COUNSEL'S INEFFECTIVENESS FOR NOT CONDUCTING AN ADEQUATE PRETRIAL INVESTIGATION.

Defendant also submitted a pro se supplemental brief, which repeated the arguments in his counseled submission.

We distill defendant's arguments to the following: trial counsel was ineffective for failure to investigate witnesses; trial counsel was ineffective for failure to present evidence that Brown and the other victim did not know defendant, to erode the State's theory on motive; trial counsel failed to object to the prosecutor's statement concerning the victims owing defendant money as a motive for the shooting; the State withheld exculpatory evidence that the victim did not make an out of court identification of defendant until the third day of trial and the photo array was not presented to the defense in violation of

6

Brady v. Maryland, 373 U.S. 83 (1963);[4] and defendant's trial counsel was per se ineffective pursuant to Cronic and Savage and, even if counsel was not per se ineffective, the PCR court should have held an evidentiary hearing.

### III.

Having reviewed the record and considered the applicable legal standards, we are unpersuaded by defendant's arguments and affirm substantially for the reasons set forth by the PCR judge in their well-reasoned written decision.

### A.

We begin our analysis by recognizing our standard of review as de novo, where, as here, no evidentiary hearing was conducted. State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016) (citing State v. Harris, 181 N.J. 391, 421 (2004)). We review the PCR court's determination to proceed without an evidentiary hearing under an abuse of discretion standard. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013).

---

[4]   Arguments three and four were raised by defendant in his pro se supplemental brief.

A-0215-23

B.

Under Rule 3:22-4,[5] "a defendant is barred from raising any issue in a PCR petition that could have been raised on direct appeal unless one of three enumerated exceptions apply." State v. Wildgoose, 479 N.J. Super. 331, 344 (App. Div. 2024) (citing State v. Nash, 212 N.J. 518, 546 (2013)). Those exceptions do not apply here because the argument could have been raised on defendant's direct appeal, barring defendant's argument would not result in

---

[5] Rule 3:22-4(a) states:

> Any ground for relief not raised in the proceedings resulting in the conviction, or in a post-conviction proceeding brought and decided prior to the adoption of this rule, or in any appeal taken in any such proceedings is barred from assertion in a proceeding under this rule unless the court on motion or at the hearing finds:
>
> (1) that the ground for relief not previously asserted could not reasonably have been raised in any prior proceeding; or
>
> (2) that enforcement of the bar to preclude claims, including one for ineffective assistance of counsel, would result in fundamental injustice; or
>
> (3) that denial of relief would be contrary to a new rule of constitutional law under either the Constitution of the United States or the State of New Jersey . . . .

8

"fundamental injustice," and a denial of PCR relief would not "be contrary to the Constitution of the United States or the State of New Jersey." See R. 3:22-4(a).

Additionally, Rule 3:22-3[6] confirms that a PCR petition "is not . . . a substitute for appeal from conviction . . . ." The Supreme Court of New Jersey has articulated that "[a] defendant ordinarily must pursue relief by direct appeal, [R. 3:22-3], and may not use [PCR] to assert a new claim that could have been raised on direct appeal [R. 3:22-4]." State v. McQuaid, 147 N.J. 464, 483 (1997).

On direct appeal, defendant did not argue that the State failed to reveal exculpatory evidence until the third day of trial in violation of Brady, 373 U.S. 83. Since defendant "may not use post-conviction relief to assert a new claim

---

[6] Rule 3:22-3 states:

> Except as otherwise required by the Constitution of New Jersey, a petition pursuant to this rule is the exclusive means of challenging a judgment rendered upon conviction of a crime. It is not, however, a substitute for appeal from conviction or for motion incident to the proceedings in the trial court, and may not be filed while such appellate review or motion is pending.

that could have been raised on direct appeal," defendant's <u>Brady</u> argument is barred pursuant to <u>Rule</u> 3:22-3 and 4.

C.

To establish a prima facie case of ineffective assistance of counsel through a PCR petition, a defendant must establish the following: 1) counsel's performance was deficient; and 2) the deficient performance prejudiced the defense. <u>Strickland</u>, 466 U.S. at 687; <u>Fritz</u>, 105 N.J. at 58. To satisfy the first <u>Strickland</u>/<u>Fritz</u> prong, a defendant must "show[] that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed [to] the defendant by the Sixth Amendment" and "that counsel's representation fell below an objective standard of reasonableness." <u>Strickland</u>, 466 U.S. at 687-88.

"[I]n making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." <u>Id.</u> at 689. As such, a defendant "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" <u>Ibid.</u> (quoting <u>Michel v. Louisiana</u>, 350 U.S. 91, 101 (1955)).

10

To satisfy the second prong "[t]he error committed must be so serious as to undermine the court's confidence in the jury's verdict or result reached." State v. Chew, 179 N.J. 186, 204 (2004) (citing Strickland, 466 U.S. at 694). This prong generally requires that a defendant establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

We affirm the PCR court, concluding trial counsel's performance did not fall below the "objective standard of reasonableness" necessary to satisfy the first prong of Strickland/Fritz. Trial counsel's decision not to object to the State's arguments concerning defendant's motive do not constitute ineffective assistance. See State v. Bey, 161 N.J. 233, 251 (1999) ("Merely because a trial strategy fails does not mean that counsel was ineffective."). Instead, counsel chose to focus on identification as a matter of trial strategy, eliciting facts regarding Brown's inability to identify defendant.

We are unpersuaded by defendant's argument that, had trial counsel explicitly asked Brown if he knew defendant, it would have raised "reasonable doubt to the jury; [t]herefore possibly changing the outcome of the trial." Defendant's argument fails to overcome the presumption that counsel's decision was sound trial strategy and does not establish his performance was

11

objectively unreasonable. The record shows that trial counsel impeached Brown by demonstrating his inability to identify the shooters in a photo array.

Defendant also fails to establish a prima facie case of ineffective assistance of counsel under the Strickland/Fritz standard with respect to trial counsel's purported failure to investigate other potential witnesses to defendant's inculpatory statements to Sims on the evening of the incident. During pretrial investigation, counsel "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary[,]" and counsel's failure to do so will "render the lawyer's performance deficient." State v. Porter, 216 N.J. 343, 353 (2013) (quoting Chew, 179 N.J. at 217). "[W]hen a petitioner claims [a] trial attorney inadequately investigated [the] case, [to establish a prima facie claim of ineffective counsel the petitioner] must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." Ibid. (quoting Cummings, 321 N.J. Super. at 170). Defendants must "do more than make bald assertions that [they were] denied the effective assistance of counsel" to establish a prima facie claim due to an alleged failure to conduct pretrial investigations. Cummings, 321 N.J. Super. at 170. The record

contains none of the factual affidavits or certifications required under Cummings.

We discern no error in the court's denial of defendant's claims without a hearing, based on our conclusion that the record does not substantiate a prima facie claim for PCR. Pursuant to Rule 3:22-10(b), it is only proper for a PCR court to grant an evidentiary hearing when the defendant has presented a prima facie claim, material issues of disputed fact lie outside the record, and resolution of those issues necessitates a hearing. Porter, 216 N.J. at 355. Since we conclude that defendant failed to establish a prima facie case under Strickland/Fritz, we need not reach the issue of whether defendant's trial counsel was per se ineffective under the standard articulated in Cronic/Savage.

To the extent we have not addressed any of defendant's remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION